UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **WILLIAM DAVIDSON HAMBY, JR.** ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | No. 3:13-0127 |
| ] | Judge Campbell |
| **KENNETH W. THOMAS, et al.** ] | |
| Defendants. ] | |

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is a pre-trial detainee at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Kenneth Thomas, a Metro Nashville police officer; Bryan Johnson, Thomas' commanding officer; and Torry Johnson, District Attorney General for Davidson County; seeking damages.

The plaintiff has attached an arrest warrant to the complaint. Docket Entry No.1; Exhibit A. According to the Affidavit in support of the warrant, the victim told police that the plaintiff began swinging at her but did not make contact. She went on to tell the police that he then threw a plate of spaghetti that struck her. As the victim attempted to run into a bathroom, the plaintiff threw a large bag of kitty litter that hit her, bruising the victim's shoulder. She fell face first into a bath tub, hitting her head on

1

the wall and losing consciousness. When the victim awoke, the plaintiff had fled the scene. She called the police who obtained a warrant for the plaintiff's arrest, charging him with aggravated assault. The plaintiff claims that the victim and Officer Thomas lied in his report about these events. He alleges that, as a consequence, he was falsely arrested, has been falsely imprisoned, and is being maliciously prosecuted.

To state a claim for relief under 42 U.S.C. § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

In order to establish claims for false arrest, false imprisonment and malicious prosecution, the plaintiff must demonstrate, at a minimum, that there was no probable cause to justify his arrest and prosecution. Voyticky v. Village of Timberlake, 412 F.3d 669,675-77 (6th Cir. 2005). Probable cause has been defined as the "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense". Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). A valid arrest and prosecution based upon then-existing probable cause is not vitiated simply because the suspect is later found

2

innocent. *See* United States v. Covelli, 738 F.2d 847, 854 (7th Cir.), *cert. denied*, 469 U.S. 867 (1984).

The Affidavit in support of the warrant was submitted to a judicial officer who apparently found that there was probable cause to place the plaintiff under arrest. Docket Entry No.1; Exhibit A. The allegations in the Affidavit do seem to support a finding of probable cause for a charge of aggravated assault.[1] Consequently, the plaintiff has failed to allege facts that would sustain claims of false arrest, false imprisonment and malicious prosecution.[2]

In the absence of any credible showing that the plaintiff was arrested and is being prosecuted without probable cause, he has failed to state a claim upon which relief can be granted. Therefore, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

*[signature: Todd Campbell]*
Todd Campbell
United States District Judge

---

[1] The plaintiff claims that there was no serious bodily injury or weapon noted in Officer Thomas' Affidavit. However, the Affidavit does state that the victim was struck hard enough that she hit her head into a wall and was rendered unconscious. This would be sufficient to qualify as the type of serious injury needed to support a charge of aggravated assault.

[2] In any event, the plaintiff's claim of a conspiracy amongst the defendants to have him arrested and prosecuted is wholly conclusory and is not actionable. Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985).